IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHANEL FRANCES JONES,    Petitioner, | § § | |
| VS. | § § | CIVIL NO.4:05-CV-579-Y |
| GINNY VAN BUREN, Warden, FMC-Carswell,    Respondent. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

Chanel Frances Jones, Federal Register No. 76151-079 has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.

B. PARTIES

Petitioner Jones is currently confined at FMC-Carswell, in Fort Worth, Texas. Jones named Ginny Van Buren, the warden at FMC-Carswell as the respondent in this case. No process has been issued to Respondent in this case.

C. CLAIM

Chanel Frances Jones seeks to be awarded good time credit under 18 U.S.C. § 3624(b). (Pet. ¶ 14.) She seeks to have her sentence recalculated and to have her projected release date changed to reflect additional good time credit. (Pet. ¶ 15.)

D. LEGAL ANALYSIS

Section 28 U.S.C. § 2243 authorizes a district court to summarily dismiss a habeas corpus petition.[1] After review of the petition and the applicable law, it appears that the petition must be dismissed and alternatively, denied, for the reasons set forth herein.

Petitioner Jones contends that the Bureau of Prisons (BOP) is providing good-time credit towards her sentence in a manner contrary to 18 U.S.C. § 3624(b). That section allows that the BOP may afford credit towards the service of a sentence of "up to 54 days at the end of each year of the prisoner's term of imprisonment . . . ."[2] Specifically, Jones claims that she is entitled to good-time credit against the "sentence imposed," as opposed to the BOP's

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243(emphasis added).

[2] 18 U.S.C.A. 3624(b)(1)(West 2000).

2

construction of the statute to provide such credit for each year actually served. Jones claims that the BOP's calculation of her applicable credit for good time will leave her sentence 71 days longer than it should be. (Pet. ¶ 14.)

The Fifth Circuit has addressed a similar challenge to the BOP's method of calculation of good time credits in *Sample v. Morrison*.[3] The court of appeals first noted that as § 3624(b) does not authorize good time credit in advance, the petitioner's claim was not ripe for judicial review because he was not eligible for release until 2012: "Given the temporally distant and speculative nature of Sample's claim, his allegations do not establish that 'he will sustain immediate injury' and 'that such injury would be redressed by the relief requested.'"[4] As a result, the Fifth Circuit dismissed the appeal for lack of subject matter jurisdiction.

Petitioner Jones's projected release date is June 4, 2006.[5] Although she claims she is entitled to a release date 71 days earlier, such claim is still too distant and speculative to be ripe for review at this time. Therefore, Jones's challenge to the method of the BOP's calculation of good time credits is not ripe for

---

[3] 406 F.3d 310, 312-13 (5th Cir.2005) (per curiam).

[4] *Id.* at 312 (quoting *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir. 1994).

[5] United States Bureau of Prisons, http://bop.gov/iloc2/LocateInmate.jsp (last visited September 20,2005).

judicial review and should be dismissed for lack of subject matter jurisdiction.[6]

Even assuming that Jones release date is close enough to deem her challenge ripe, this Court concludes that Petitioner's claim lacks merit under additional analysis provided by the court of appeals in *Sample*. There, the court of appeals rejected the argument that the good time credit was to be awarded based upon the sentence imposed:

> It is plain from [18 U.S.C. § 3624)b)(1)] that an inmate must *earn* good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules. Good time credit thus is not awarded in advance, and any entitlement to such credit for future years is speculative at best.[7]

Furthermore, the court of appeals noted that even if the statue is ambiguous, then the BOP's interpretation of § 3624(b) is reasonable and entitled to deference under *Chevron U.S.A., Inc. V. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844 (1984).[8] Noting that other circuit courts had also rejected good-conduct-time claims similar to those of petitioner, the Fifth Circuit upheld the BOP's interpretation and application of 18 U.S.C. § 3624(b).[9] More recently, the Fifth Circuit cited *Sample* in affirming the dismissal

---

[6]*Id.*, 406 F.3d at 312-13.

[7]*Id.,* 406 F.3d at 313.

[8]*Id.*

[9]*Id., citing White v. Scibana,* 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheco-Camacho v. Hood,* 272 F.3d 1266, 1269-71 (9th Cir. 2001), *cert. den'd,* 535 U.S. 1105 (2002).

4

by a court of this district of a similar challenge to the BOP's method of calculating good time credit.[10] Based upon these authorities, it appears that Jones's claim must alternatively be denied.

## RECOMMENDATION

It is therefore RECOMMENDED that Chanel Frances Jones's petition for writ of habeas corpus under 28 U.S.C. § 2241 be DISMISSED for lack of subject matter jurisdiction, and alternatively, be DENIED.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until October 11, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific written objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal

---

[10]*See Tatu v. Rasbeary,* No.04-11386, 2005 WL 2009556, *1 (5th Cir. Aug. 23, 2005)(unpublished copy attached).

5

conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); *Carter v. Collins*, 918 F. 2d 1198, 1203 (5th Cir. 1990).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Petitioner is granted until October 11, 2005 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED September 20, 2005.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE